FILED

Alan Dylan
312 W 5th Street unit 215
Los Angeles California 90013
Telephone No (424)225-0920
Pro-per

2011 JUL 11  AM 11: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

ALAN DYLAN, an individual,

Plaintiff,

vs.

ONEWEST BANK FSB, an unknown
business entity; INDYMAC MORTGAGE
SERVICES, A DIVISION OF ONEWEST
BANK, FSB, an unknown business entity;
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE UNDER
POOLING AND SERVICING
AGREEMENT DATED AS OF
DECEMBER 1, 2006 MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-AR41, an unknown business entity;
QUALITY LOAN SERVICE
CORPORATION, a California corporation;
MORTGAGE ELECTRONIC and DOES 1
– 10, inclusive,

Defendants

Case No.: CV11 - 05666
DMG (JCx)

COMPLAINT FOR:

(1) TEMPORARY RESTRAINING
    ORDER AND PRELIMINARY
    AND PERMANENT INJUNCTIVE
    RELIEF
(2) VIOLATION OF PERATA
    MORTGAGE RELIEF Act Civil
    Code § 2923.5 et seq.
(3) VIOLATION OF RESPA (12 U.S.C.
    §2605)
(4) VIOLATION OF CALIFORNIA
    ROSENTHAL ACT
(5) WRONGFUL FORECLOSURE
(6) QUITE TITLE
(7) ORDER TO SET ASIDE
    TRUSTEE'S SALE
(8) CANCELLATION OF TRUSTEE'S
    DEED
(9) SLANDER OF TITLE
(10)   CIVIL CONSPIRACY
(11)   UNFAIR BUSINESS
    PRACTICES (CAL. B&P CODE
    §17200
(12)   VIOLATION OF RICO (18
    U.S.C. §§1961)
(13)   FRAUD
(14)   CONSTRUCTIVE TRUST
(15)   BREACH OF CONTRACT

DEMAND FOR JURY TRIAL

-1-
COMPLAINT

```
Court Name: U.S. District Court
Division: 2
Receipt Number: LA020703
Cashier ID: jacash
Transaction Date: 07/11/2011
Payer Name: ALAN DYLAN
-------------------------------
CIVIL FILING FEE
For: ALAN DYLAN
Case/Party: D-CAC-2-11-CV-005666-001
Amount:          $350.00
-------------------------------
CASH
Amt Tendered: $350.00
-------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


No refunds without original
receipt. Returned checks will be
assessed a fee of $45.00.
```

1

2    Plaintiff Alan Dylan (hereinafter "Plaintiff" or "Dylan"), by himself, for his Complaint

3    against Defendants, ONEWEST BANK FSB, an unknown business entity; INDYMAC

4    MORTGAGE SERVICES, a division of OneWest Bank, FSB, an unknown business entity;

5    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc, a suspenden California

6    Corporation. DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER

7    POOLING AND SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2006

8    MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR41, an unknown business

9    entity; QUALITY LOAN SERVICE CORPORATION, a California corporation; pleads as

10   follows:

11                          **JURISDICTION AND VENUE**

12   1)    Plaintiff's claims against Defendants include violations of federal statutes

13         commonly known as RESPA, and RICO, with additional claims under California

14         State law. These claims all arise out of the same controversy and sequence of events.

15   2)    The real property, which is the subject of this complaint, is located at 312 W 5th

16         street unit 215, Los Angeles, California 90013 in the County of Los Angeles.

17   3)    This Court has subject matter jurisdiction over the action under 28 U.S.C. §§1331

18         and 1367, 18 U.S.C. §1964(c), and 18 U.S.C. §1961.

19   4)    Venue is proper in the Central District of California under 28 U.S.C. §1391(b).

20

21                               **THE PARTIES**

22   5)    Plaintiff Alan Dylan is, and at all times mentioned herein was an individual

23         residing in the State of California, county of Los Angeles. He resides at the real

24         property that is the subject of this Complaint, the location of which is commonly

25         know as 312 W 5th street unit 215, Los Angeles, California 90013 (hereinafter "the

26         property").

27

28

1   6)   Plaintiff is informed and believes and thereon alleges that all times mentioned in

2        this Complaint, Defendant Deutsche Bank was and is an entity of unknown form

3        doing business in the State of California, and in the business of purchasing and

4        otherwise taking assignment of consumer credit transaction originated by others.

5   7)   Plaintiff is informed and believe and thereon alleges that all times mentioned in

6        this Complaint, Defendant OneWest Bank was and is an entity of unknown form

7        doing business in the State of California and is in the business of been a "lender",

8        "assignment of consumer credit", "servicer" of "federal related mortgage loan" as

9        those terms are defined in the Real Estate Settlement Procedure Act ("RESPA"), 12

10       U.S.C. §§ 2602(1) and 2605 (i)(2). Plaintiff is further informed and believes and

11       thereon alleges that OneWest Bank was and is in the business of the collection of

12       consumer debts, either on behalf of itself or others, and it is therefore under the

13       authority of the California Rosenthal Act ("Rosenthal Act"), Cal. Civil Code sections

14       1788 *et seq.*.

15  8)   Plaintiff is informed and believes and thereon alleges that all times mentioned in

16       this Complaint, Defendant Indymac Mortgage Services, a Division of OneWest Bank,

17       FSB., was and is an entity of unknown form doing business in the State of California

18       and is in the business of been a "lender", "assignment of consumer credit", "servicer"

19       of "federal related mortgage loan" as those terms are defined in the Real Estate

20       Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2602(1) and 2605 (i)(2). Plaintiff

21       is further informed and believes and thereon alleges that OneWest Bank was and is in

22       the business of the collection of consumer debts, either on behalf of itself or others,

23       and it is therefore under the authority of the California Rosenthal Act ("Rosenthal

24       Act"), Cal. Civil Code sections 1788 *et seq.*.

25  9)   Plaintiff is informed and believe and thereon alleges that all times mentioned in

26       this Complaint, Defendant Quality Loan Service Corporation was and is a California

27       corporation doing business in the State of California and is in the business of been a

28

"servicer" of "federal related mortgage loan" as those terms are defined in the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2602(1) and 2605 (i)(2). Plaintiff is further informed and believes and thereon alleges that QLS was and is in the business of the collection of consumer debts, either on behalf of itself or others, and it is therefore under the authority of the California Rosenthal Act ("Rosenthal Act").

10)    Plaintiff is ignorant of the true names and capacities of defendants sued herein under the fictitious names Does 1 through 10, inclusive, and Plaintiff will amend this complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named defendants is responsible in some manner for the acts complained of herein.

11)    Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all times herein relevant were, and still are, agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

## REQUEST FOR INJUNCTIVE RELIEF

12)    Immediate injunctive relief is warranted in this action because Plaintiff is about to lose his home. Defendants do not own the Note and do not have the right to foreclosing Plaintiff's property.

13)    However, Plaintiff contends that the foreclosure sale itself should be aside, for the reasons set forth in the instant Complaint. If injunctive relief is not immediately granted, Plaintiff may be lose his home before the Court has the opportunity to adjudicate the issues raised herein, and he would thus be deprived of any adequate remedy for the wrongs committed by Defendants.

14)    Moreover, if Plaintiff were forced to move from his home, it would subject his to the irreparable harm of public humiliation and loss of reputation in the community in which hi lives and works. If the unlawful detainer proceeds, Plaintiff does not know

1     where he would live and could be out on the street. Given the fact that at every stage

2     of these events, from the loan origination to the fraudulent transfer of the Note,

3     Defendants have misled Mr. Dylan and acted to his detriment, and given the fact that

4     Mr. Dylan contends that Deutsche Bank and others Defendants had no right to

5     foreclose on the Property, this additional irreparable harm would represent the very

6     definition of "adding insult to injury".

7   15)    The Property is unique. Therefore, should the requested injunctive relief, if not be

8     granted, Plaintiff will suffer irreparable injury for which there is no adequate remedy

9     in law if Defendants proceeds to evict Plaintiff of his Property through an unlawful

10    detainer *case No 11U04507* and selling to a third party, who may then be a bona fide

11    purchaser for value, causing the Property to be lost forever.

12

13

14                          **FACTUAL BACKGROUND**

15  16)    On December 7, 2006 Plaintiff enter into a secured loan agreement with Indymac

16    Bank F.S.B., a promissory note secured by a Deed of Trust dated on 11/28/2006,

17    Alan Dylan as Trustor and Stewart Title Company, as a Trustee and MERS as a

18    nomine beneficiary, recorded as instrument No.062717691 on 12/07/2006, of official

19    records, in the office of the County Recorder of Los Angeles County,  commonly

20    referrer to as 312 West 5th Street unit 215 Los Angeles, CA 90013, Assessor's

21    Number 5149-033-042 with a first position deed of trust in the principal amount of

22    $401,600.00 and $100,400.00 secured by a second position deed of trust.

       (*See Exhibit* A).

23  17)    On July 11, 2008, the Office of Thrift Supervision (OTS) closed Indymac Bank

24    FSB, Pasadena, CA and the Federal Deposit Insurance Corporation (FDIC) was

25    named Conservator and appointed receiver ("Receiver") (*See Exhibit* B).

26  18)    On July 11, 2008, FDIC created Indymac Federal Bank F.S.B., Pasadena, CA and

27    all of the assets and liabilities of Indymac Bank F.S.B., were transferred to Indymac

      Federal Bank F.S.B., Pasadena, CA.

28

19)     On December 8, 2008 Mr. Dylan, enter into a loan modification Agreement Program with Indymac Federal Bank, F.S.B. (*See Exhibit* C).

20)     On March 19, 2009, the FDIC was appointed by OTS as a receiver of Indymac Federal Bank F.S.B., and most of its assets and liabilities were sold to OneWest Bank.

21)     On April 7, 2009 Mr. Dylan, enter into a new loan Modification agreement with Indymac Mortgage Services, a Division of OneWest Bank, FSB.(*See Exhibit* D).

22)     After Plaintiff enter into a loan modification agreement with Indymac Mortgage Services, (a Division of OneWest Bank), Quality loan Servicing, LLC., recorded on April 10, 2009 a Notice of Default and Election to Sell under the Deed of Trust. Plaintiff did not receive these notices. (*See Exhibit* E).

23)     MERS - Mortgage Electronic Registration System, Inc. - Nominee found in thousands of mortgages and deeds of trust - suspended from doing business in California. Agent for Service of Process resigned March 25, 2009.

24)     On May 7, 2009 Mortgage Electronic Registration Systems, Inc as nominee for Indymac Bank, F.S.B., assign and named beneficiary under the security instrument of the deed of trust to Indymac Federal Bank, F.S.B. (*See Exhibit* F).

25)     On September 10, 2009 Mortgage Electronic Registration Systems, Inc (a suspended California Corporation) as nominee for Indymac Bank, F.S.B., (not by Indymac federal bank, F.S.B., or by the FDIC) assign the deed of trust to OneWest Bank FSB. The purported assignment is invalid because the first assignment took place on May 7, 2009 the date the MERS completed the assign of IndyMac Bank, FSB to Indymac Federal Bank FSB. (*See Exhibit* G).

26)     On September 10, 2009, OneWest Bank, in a shore, in this deed, transfer and Assignment of Deed of Trust from itself to itself.

27)     On November 19, 2009, OneWest Bank assign the Deed of Trust to Deutsche Bank National Trust Company as Trustee of IndyMac INDX Mortgage Loan Trust 2006-AR41, Mortgage Pass-Through Certificates, Series 2006-AR41 under the Pooling and Servicing Agreement dated December 1, 2006.

28)     Mr. Dylan also subsequently discovered that documents purportedly prepared at or about the time of the loan consummation contain several Federal and State

violation, in addition, on December 31, 2009 Plaintiff order a Forensic Audit from US Lender Audit, LLC., providing lender wrongdoing with several Federal and State law violations.

29)   On January 10, 2011 Mr. Dylan transfer through a Quitclaim Deed into his wife Paulina Martinez.

30)   On January 28, 2011 Quality Loan Service Corp, initiated the foreclosure grant and convey to Deutsche Bank without warranty upon the title.

31)   On March 31, 2011 Defendant Deutsche Bank National Trust Company send to Plaintiff Three Day Notice for Possession.

32)   On April 7, 2011 Defendant Deutsche Bank National Trust Company filed in the Superior Court of California an Unlawful Detainer *Case No. 11U04507.*

## FACTUAL ALLEGATIONS

33)   On or about the summer of 2008, IndyMac Federal Bank, F.S.B., made his first offer for a loan modification to Mr. Dylan and such modification was accepted by Indymac Federal Bank, F.S.B., in the following months Indymac Mortgages Services, (a Division of OneWest Bank) started again making numerous offers to Mr. Dylan to replacing  previous loan modification.

34)   On April 7, 2009 Mr. Dylan was accepting the new loan modification offered by OneWest Bank.

35)   Plaintiff did not know the trap he was getting into and the defendant's intention is to foreclose.

36)   On April 10, 2009 Quality loan Services Corp recorder a Notice of Default and Election to Sell under the Deed of Trust, Deutsche Bank is not mentioned, identified, or referred to in the Notice of Default.

37)   Defendant OneWest Bank after modified Plaintiff's loan agreement on April 7, 2011 two day later on April 10, 2009 OneWest bank authorized Quality Loan Service Corp to recording a Notice of Default and starting a foreclosure procedure.

38)   Defendants violated the **Perata Mortgage Relief Act** (Civil Code § 2923.5 *et seq.*) *Under California's* **Perata Mortgage Relief Act** *(Civil Code § 2923.5 et seq.),*

1   *applicable to loans secured by owner-occupied residential real property containing*
2   *no more than four dwelling units and recorded from January 1, 2003 to December*
3   *31, 2007, lenders (mortgagees, trustees, beneficiaries or their agents) may not file a*
4   *notice of default until 30 days after (i) initial contact with the borrower; or (ii)*
5   *satisfying statutorily-mandated "due diligence" requirements for contacting the*
    *borrower. (See Civil Code § 2923.5(a),(g),(i)--"owner-occupied" means borrower's*
6   *principal residence "as indicated to lender in loan documents" (amended Stats. 2009,*
7   *Ch. 43) (1/1/13 "sunset" date); Mabry v. Super.Ct. (Aurora Loan Services) (2010)*
8   *188 Cal.App.4th 208, 221 – Civil Code § 2923.5 concerns the "crucial first step" in*
9   *foreclosure process--i.e., recordation of a notice of default.)*

39)   Also, before filing a notice of default, the lender must **contact (or attempt to contact) its borrower in person or by telephone** *(See Civil Code § 2923.5(a)(2).*

40)   Plaintiff maintains that never was on Default on the loan, because on April 7, 2009 Plaintiff have a second Modification Agreement accepted by Indymac Mortgage Services, a Division of OneWest Bank, FSB and such agreement state that, *(3) The Note and the Security Instrument are Modified to increase the principal balance of the Note of $51,618.49, including past due interest in the amount of $31,626.00, past due Escrow items totaling $19,151.49 and servicing costs totaling $841.00. The new Principal of the Note is $453,218.49. All unpaid late charges have been waived...*

41)   Moreover, the Notice of Default directed the Property owner to contact "Indymac Bank FSB" c/o "Quality Loan Service Corp". The nature of the relationship between QLS and Indymac Bank is not clear from the documents, and is unknown to Plaintiff at this time, but "Indymac Bank FSB" is an entity that not longer exists and "Quality Loan Servicing" is not the loan servicing under the Deed of Trust.

42)   Defendant "OneWest Bank" violated the "FDIC" agreement that stated *"the Purchaser"; "OneWest Bank" shall complete the processing of all Servicing-Released Loan Modifications in process pursuant to the Program as of the Closing Date and Shall* **"Honor"** *all offers of Modification for which processing has not yet commenced in accordance with the terms of the Program. The Purchaser shall*

1    *comply with the Program as it may be amended by the FDIC from time to time,*

2    *provided, however, that, unless otherwise required by law…"*

3    43)    Further, Defendant "OneWest Bank" after acquired Indymac Federal Bank

4    through the FDIC, Defendant never send to Plaintiff as required by law a notice of

5    transfer, sale, assignment or transfer of servicing of the mortgage loan, the notice

     requirements as provided by *12 U.S.C. § 2605 et seq., the notice required to notice*

6    *shall be made to borrower not more that 30 days after the effective date of*

7    *assignment, sale, or transfer of the servicing of the mortgage loan.*

8    44)    Also, Defendant OneWest Bank violated FDIC agreement Section 5.13 "Notice to

9    Borrowers" state that, *"The Purchase "OneWest Bank F.S.B" shall, on a time basis in*

10   *accordance with RESPA and other applicable laws, and pursuant to the Limited*

     *Power of Attorney granted by "FDIC" to it in accordance with Section 3.04(a),*

11   *prepare and transmit to each Borrower a joint "hello" and "goodbye" letter, at the*

12   *purchaser's expense"…* Mr. Dylan never receive any kind of notice from defendant

13   OneWest Bank after acquired Indymac Federal Bank.

14   45)    On September 10, 2009 Mortgage Electronic Registration Systems, Inc (an

15   suspended California Corporation) as nominee for Indymac Bank, F.S.B., (not by

16   Indymac federal bank, F.S.B., or by the FDIC), assign the deed of trust to OneWest

17   Bank, FSB.

18   46)    On September 10, 2009, OneWest Bank, in a shore, in this deed, transfer and

19   Assignment of Deed of Trust from itself to itself to cover their wrongdoing.

     47)    On November 19, 2009, OneWest Bank assign the Deed of Trust to Deutsche

20   Bank National Trust Company as Trustee of IndyMac INDX Mortgage Loan Trust

21   2006-AR41, Mortgage Pass-Through Certificates, Series 2006-AR41 under the

22   Pooling and Servicing Agreement dated December 1, 2006.

23   48)    Each of the purported assignment is **invalid** because they took place after March

24   19, 2009, the date the FDIC completed the sale of IndyMac Bank, FSB to Indymac

25   Federal Bank FSB., such that IndyMac Bank, FSB., had no right to be an assignee or

     assignor of the Deed of Trust after that date and the purported Trustee's Deed upon

26   Sale. *A deed secured by fraud is invalid and subject to cancellation Civ. Code §§*

27   *1040, 1565-1568, 1571, 1572.*

28

1   49)   Also, Plaintiff maintains that he never received Notice by transferee of loan
2         servicing at time of transfer, *Defendants violated the notice requirements 12 U.S.C. §*
3         *2605 et seq., the notice required to notice shall be made to borrower not more that 30*
4         *days after the effective date of assignment, sale, or transfer of the servicing of the*
5         *mortgage loan.*

6   50)   OneWest Bank directed Quality Loan Services to conduct the Trustee's sale of the
7         Property, ostensibly to collect the unpaid balance on the note secured by a Deed of
8         Trust. Plaintiff is informed and believes, and thereon alleges, that "OneWest Bank",
9         either "Deutsche Bank" is **NOT** and was **NOT** the holder of the **Note**, nor is it or was
10        it in possession of the Note properly endorsed to it, nor was it or is it otherwise
11        entitled by law to initiate foreclosure under the Deed of Trust.

12  51)   After learning of the foreclosure proceedings, Mr. Dylan send to OneWest Bank
13        and Quality Loan Services a "Qualified Written Request", as that term is defined in
14        *RESPA, 12 U.S.C. § 2605(e)(1)(B).* OneWest Bank failed to acknowledge receipt of
15        the Qualified Written Request within 20 days, and also failed to respond by providing
16        the information and explanations requested within 60 days, thus violating *RESPA, 12,*
17        *U.S.C. § 2605(e).*

18  52)   Plaintiff's Note still under Indymac Federal Bank, FSB. And there is NOT record
19        of any legal assignment of the deed of trust or transfer of the Note into Defendant
20        OneWest Bank or Deutsche Bank, if such assignment exist between Indymac Federal
21        Bank and defendants, such assignment are invalid because Plaintiff maintains that he
22        never received Notice by transferee of loan servicing at time of transfer, *Defendants*
23        *violated the notice requirements 12 U.S.C. § 2605 et seq., the notice required to*
24        *notice shall be made to borrower not more that 30 days after the effective date of*
25        *assignment, sale, or transfer of the servicing of the mortgage loan.*

26  53)   Plaintiff further alleges on information and belief that Deutsche Bank either
          OneWest Bank has and had no right to initiate foreclosure under the Deed of Trust,
          nor did it have the right to direct QLS to foreclosing the Property, which is owned by
          Plaintiff.

54) Defendants Deutsche Bank now holds putative legal title to the property although by fraud and it has never established its status as a "person entitled to enforce" the security interest under the Note and Deed of Trust.

55) Deutsche Bank and OneWest Bank were able to accomplish this remarkable feat by virtue of the non-judicial foreclosure and unlawful detainer procedures in effect in California. These procedures were designed to facilitate expedition and inexpensive resolution of foreclosures, while imposing minimal burder on judicial resources.

56) Not coincidentally, these systems were also designed and implemented before the events now becoming commonly knows as "the mortgage mess" had developed. Unfortunately, now that "the mortgage mess" is upon us, California's well-intentioned systems leave a wide path for unscrupulous or even merely injudicious and sloppy purported "beneficiaries". By virtue of California's systems, entities may falsely claim to be beneficiaries by "assignment" whether the false representation is intentional or negligent and then commence to take unfair advantage of the expedited foreclosure and unlawful detainer procedures to avoid the consequences of their misconduct and to profit thereby.

57) OneWest Bank and Deutsche Bank knew or reasonably should have know that it had no right to foreclosing unless and until it actually had in its possession the **"Original Promissory Note"** properly endorsed to it.

58) Defendants OneWest Bank, Deutsche Bank, Quality Loan Service Corp, MERS and Indymac Mortgage Services are persons within the meaning of *18 U.S.C. § 1961(3)*, and as persons associated with Deutsche Bank, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of **racketeering** activity in violation of *18 U.S.C.A. § 1962(c)*.

59) The predicate acts which constitute this pattern of racketeering activity were part of scheme wrongfully foreclose upon the Property without legal right, and therefore acquired the title to the property through deception and fraud, for the profit of the enterprise, as described herein and Plaintiff complaint.

60) For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by Postal Service, caused matter and things to be delivered by commercial interstate carriers,

including, but not limited to, default and foreclosure related related notices. These notices were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the property, for the profit of the enterprise.

61)    For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages but not limited to telephone and internet communications. In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

62)    On information and belief, Plaintiff alleges in all of the wrongful acts alleged herein, Defendants and each of them have utilized the United States mail, telephones and internet in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so or, assuming *arguendo* that they were so entitled, to profit from these actions in amounts exceeding their rights under the Note.

63)    On information and belief, Plaintiff alleges Defendants, in committing the acts alleged in this complaint and in other cases, are engaging in a pattern of unlawful activity. In pursuing non-judicial foreclosure, Defendants represented that they had the right to payment under the Note, payment of which was secured by the Deed of Trust. Whereas, **in fact, Defendants** were **not** in **possession** of the **Note** and they were **neither holders of the Note** nor-holders of the Note entitled to payment, as those terms are used in *California Commercial Code §§3301 and 3309*, and therefore they proceeding to foreclose without right under the law.

64)    Further, Defendants added costs and charges to the payoff amount of the Note that were not justified or proper under the terms of the Note or the law.

65)    On information and belief, Plaintiff alleges Defendants misrepresented the facts intending to force Plaintiff to either pay large sums of money to Defendants to which they were NOT entitled, or to abandon the property to foreclosure sale, to Defendants' profit.

**FIRST CAUSE OF ACTION**

**Violation of RESPA – 12 U.S.C. §2601 *et seq*.**

**(Against OneWest Bank)**

66)    The loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA.

67)    A violation of RESPA is also made unlawful under California State law by Financial Code section 50505, which states: "Any person who violates any provision of [*RESPA*] or any regulation promulgated there under, violates this division [*California Residential Mortgage Lending Act*]."

68)    On March 19, 2009, the FDIC was appointed receiver of Indymac Federal Bank FSB., and most of its assets and liabilities were **sold** to "OneWest Bank FSB"., including Plaintiff's loan. Defendant "OneWest Bank FSB"., **Consent, transfer of assets, liabilities, and administrative powers by FDIC, under [12 U.S.C. § 1821]**. *Under "all or nothing" procedure for transfer of assets and liabilities of qualified financial contracts (QFCs) between receivers, conservators, and acquirers. (See Resolution Trust Corp. v. Cheshire Management Co., Inc., C.A.6 (Tenn.) 1994 18 F.3d 330* ), and (*See Co. v. F.D.I.C., C.A.D.C. 1997, 105 F. 3d 696, 323 U.S. App. D.C. 82* ).

69)    Plaintiff is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time, although Mr. Dylan believe that the loan servicer was Indymac Federal Bank. However, due to the conspiratorial nature of the misdeeds alleged herein, and also due to defendants' general failure to properly advise Plaintiff as to the roles and identities of the various entities that were purportedly handling his loan at any given time, these allegations are made as to all defendants.

70)    Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements.

71)    Defendant OneWest Bank after acquired Indymac Federal Bank through the FDIC, Defendant never sends to Plaintiff as required by law a notice of transfer, sale,

assignment or transfer of servicing of the mortgage loan. Defendants violated the notice requirements as provided by *12 U.S.C. § 2605 et seq., the notice required to notice shall be made to borrower not more that 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan.*

72) Defendant Violated "FDIC" agreement Section 5.13 Notice to Borrowers; *"The Purchase "OneWest Bank FSB" shall, on a time basis in accordance with RESPA and other applicable laws, and pursuant to the Limited Power of Attorney granted by "FDIC" to it in accordance with Section 3.04(a), prepare and transmit to each Borrower a joint "hello" and "goodbye" letter, at the purchaser's expense. The form of such letter shall be subject to the review and reasonable approval of the Seller".* Plaintiff maintains that, Defendants never send any Notice to Borrowers required by FDIC. Defendants Conduct Violated the Real Estate Settlement Procedure Act (RESPA), *24 C.F.R. 3500 et seq...*

73) Defendants Violated the Real Estate Settlement Procedure ACT (RESPA), *12 USC 2601, 24 CFR 3500.15* in hiding or undisclosed to Plaintiff "A copy of the Affiliated Business Arrangements also known as Good Faith Estimate Provider Relationship"

74) Also Defendants violated a Settlement Statement, found in the file was for both the First and Second Lien and did not show each loan separately, this information was critical for Plaintiff because disclosure would revealed that loans fee.

• RESPA *12 USC 2601, 24 CFR 3500.15 Affiliated business arrangement*

75) Defendants violated *RESPA, 12 U.S.C. §2605(e)(2)* by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request.

76) Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of *RESPA as set forth in 12 U.S.C. §2605.*

77) As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and cost of suit. Plaintiff is entitled to recover statutory damages of $1,000.00, actual damages in an amount to be determined at trial, and costs and reasonable fees.

**SECOND CAUSE OF ACTION**

**California Rosenthal Act**

**(against All Defendants)**

78)     Plaintiff incorporates here each and every allegation set forth above.

79)     Defendants' actions constitute a violation of the *Rosenthal Act* in that they threatened to take actions not permitted by law, including but not limited to: foreclosing upon a void security interest; in foreclosing upon a "**note**" of which they were **not** in possession **nor** otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt, as those terms are used in *California Commercial Code §§3301 and 3309*.

80)     Whatsoever, Plaintiff **never** was on default on loan and Plaintiff believe that Defendant "OneWest Bank" falsifies documents to foreclosing upon a note of which they were not in possession nor otherwise entitle to payments.

81)     OneWest Bank directed Quality Loan Services to conduct the Trustee's sale of the Property, ostensibly to collect the unpaid balance on the note secured by a Deed of Trust.

82)     Plaintiff is informed and believes, and thereon alleges, that "OneWest Bank", either "Deutsche Bank" are **NOT** and was **NOT** the holder of the **Note**, nor is it or was it in possession of the Note properly endorsed to it, nor was it or is it otherwise entitled by law to initiate foreclosure under the Deed of Trust.

83)     Further, Plaintiff note still under Indymac Federal Bank and **Not** under Defendant OneWest Bank or Deutsche Bank.

84)     Defendants' actions have caused Plaintiff actual damages, including, but not limited to: severe emotional distress, including but not limited to, loss of appetite, frustration, fear, anger, helplessness, anxiety, sleeplessness, sadness and depression.

85)     As a result of Defendants' violation, Plaintiff is entitled to statutory damages in a amount to be determined at trial, actual damages according to proof, and cost and reasonable fees.

**THRIRD CAUSE OF ACTION**

**Quite Title**

**And Cancellation of Trustee's Deed**

**(Against All defendants)**

86) On September 10, 2009 Mortgage Electronic Registration Systems, Inc (an suspended California Corporation) as nominee for Indymac Bank, F.S.B., (not by Indymac federal bank, F.S.B., or by the FDIC), assign the deed of trust to OneWest Bank, FSB.

87) On September 10, 2009, OneWest Bank, in a shore, in this deed, transfer and assign the Deed of Trust from itself to itself to cover their wrongdoing.

88) On November 19, 2009, OneWest Bank assign the Deed of Trust to Deutsche Bank National Trust Company as Trustee of IndyMac INDX Mortgage Loan Trust 2006-AR41, Mortgage Pass-Through Certificates, Series 2006-AR41 under the Pooling and Servicing Agreement dated December 1, 2006.

89) Each of the purported assignment is invalid because they took place after March 19, 2009, the date the FDIC completed the sale of IndyMac Bank, FSB to Indymac Federal Bank FSB., such that IndyMac Bank, FSB., had no right to be an assignee or assignor of the Deed of Trust after that date and the purported Trustee's Deed upon Sale. *A deed secured by fraud is invalid and subject to cancellation Civ. Code §§ 1040, 1565-1568, 1571, 1572.*

90) Deutsche Bank's claims are based upon the Trustee's Deed, purporting by fraud to have been executed by OneWest Bank and delivered to Deutsche Bank on November 19, 2009, and purporting to covey the Property to Deutsche Bank.

91) Although the Trustee's Deed may appear valid on its face, it is invalid, void, and of no force or effect regarding Plaintiff's interest in the Property. The interest in the Property claimed by Deutsche Bank, based on the Trustee's Deed, is a cloud on Plaintiff title in and to the Property, tends to depreciate the market value of the Property, restricts Plaintiff's full use and enjoyment of the Property, and hinders Plaintiff's right to unrestricted alienation of the Property.

92)   In a action for Cancellation of the Deed and Quieting Title, the court may grant any relief consistent with the case made by the Plaintiff and embraced with the issues, including any monetary relief necessary to do complete equity between the parties [Wright v. Rogers (1959) 172 Cal. App. 2d 349, 367, 342, P.2d 447; *see* Oswald v. City of El Centro (1930) 211 Cal. 45, 52, 292 P. 1073 ( damage of rental value for term that owner deprived of possession because coerced into executing lease)]. Exemplary or punitive damage may also be recovered if the defendant has been guilty of oppression, fraud, or malice [Civ. Code § 3294; Wright v. Rogers (1959) 172 Cal. App. 2d 349, 368, 342, P.2d 447 (exemplary or punitive damages available in action for cancellation when restitution would have little or no deterrent effect)].

93)   As result of the execution, delivery, and recordation of the Trustee's Deed, Plaintiff has suffered and continues to suffer loss and damages in an amount to be determined at trial. Moreover, if the Trustee's Deed is not delivered and cancelled, Plaintiff will suffer further serious and potentially irreparable harm.

## FOURTH CAUSE OF ACTION
### Wrongful Foreclosure
### (Against All Defendants)

94)   Plaintiff incorporates here each and every allegation set forth above.

95)   *California Commercial Code section 3301* specifically identifies the persons who are entitled to enforce a security interest, such as instituting a foreclosure sale under a Deed of Trust. The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.

96)   Plaintiff is informed and believes and thereon alleges that Defendants Deutsche Bank, OneWest Bank and QLS were **not** and are **not** in possession of the **Note**, and are not otherwise entitled to payment. Moreover, Plaintiff is informed and believes

and thereon alleges that said Defendants are not "person[s] entitled to enforce" the security interest on the property, as that term is defined in Commercial Code section 3301.

97)    In the Notice of Trustee's sale, Defendant Deutsche Bank claimed that it was the holder of the beneficial interest under the Deed of Trust as December 7, 2006. Plaintiff is informed and believes and thereon alleges that such claim are false, because the Note and beneficiary still under "Indymac Federal Bank", and OneWest Bank had reason to know that such claim was false.

98)    Moreover, Plaintiff is informed and believes and thereon alleges that Defendants Deutsche Bank and OneWest Bank or either QLS were not in possession of the Note, and were not entitled to enforce the security interest on the property.

99)    Said Defendants also failed to properly record and give notice of the Substitution of Trustee which apparently occurred on or about November 19, 2009, as provided by California Civil Code section 2934a, subsection (b). One purpose of the requirements set for in this code section is to inform trustors of the details of alleged defaults and foreclosure proceedings. It follows that trustors who are not properly informed of a substitution of trustee cannot exercise their rights to investigate the circumstances of the foreclosure proceedings.

100)    Indeed, in the instant action, Plaintiff sent a Qualified Written Request to OneWest Bank and QLS, but it is still not clear whether OneWest Bank or QLS or someone else entirely was the party to whom the request should have been addressed at that time. The fact that OneWest Bank and QLS did not acknowledge receipt of the request in the time period allowed by law, nor did OneWest Bank and QLS ever provide the information and explanations requested, raises the question of whether the request might have been better addressed to another party. Also Defendants violated the notice requirements as provided by 12 U.S.C. § 2605 *et seq.,* the notice required to notice shall be made to borrower not more that 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan.

101)    Said Defendants' failure to comply with statutory notice requirements denied Plaintiff the opportunity to exercise the rights that the statutory notice is specifically designed to protect.

102)     Said Defendants did not have the right to **initiate** foreclose upon the Property under the law. Even assuming, *arguendo,* that Defendants did have some right to enforce the security interest, the procedures used violated statutory requirements governing non-judicial foreclosure sales.

103)     As a direct and proximate result of said Defendants' wrongful actions, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

104)     In committing the wrongful acts alleged herein, said Defendants acted with malice, oppression and fraud. Said Defendants' willful conduct warrants an award of exemplary damages in a amount sufficient to punish the wrongful conduct and deter such misconduct in the future.

## FIFTH CAUSE OF ACTION
### To Set Aside Trustee Sale
### (Against All Defendants)

105)     Plaintiff incorporates here each and every allegation set forth above.

106)     The foreclosure sale conducted by Quality Loan Service at the direction of OneWest Bank and on behalf Deutsche Bank was improperly held and the Trustee's Deed wrongfully executed, delivered, and recorded, in that Deutsche is not the holder of the Note and was not entitled to foreclose thereon.

107)     Moreover, the Notice of Default, which was fraudulent executed and recorded on April 10, 2009 by QLS five months prior to the recording of the Substitution of Trustee on September 10, 2009 naming QLS as Trustee, states that OneWest Bank is the current holder of the beneficial interest under the Deed of Trust and the obligations secured thereby as of the date of that instrument.

108)     This contradicts Deutsche Bank's apparent assertion of its status as the beneficial interest at that time. In fact, on March 19, 2009, the FDIC was appointed by OTS  as a receiver of Indymac Federal Bank FSB., and generally adds to the confusion  consistently created by Defendants throughout the course of the events described herein.

109)   Further, after the "FDIC" took over "Indymac Bank", the "FDIC" **never** transfer the Note to any Defendants.

110)   "OneWest Bank", "Quality Loan Service" and "Deutsche Bank" does not have any right in executing and initiate any foreclosure upon the Property, for the simply fact that, **not** even one Defendants own the "Note" or even they are in "possession of the note".

111)   Plaintiff maintains that never was on Default on the loan, because on April 7, 2009 Plaintiff have a second Modification Agreement accepted by Indymac Mortgage Services, a Division of OneWest Bank, FSB and such agreement state that, *(3) The Note and the Security Instrument are Modified to increase the principal balance of the Note of $51,618.49, inicluding past due interest in the amount of $31,626.00, past due Escrow items totaling $19,151.49 and servicing costs totaling $841.00. The new Principal of the Note is $453,218.49. All unpaid late charges have been waived...*

112)   Plaintiff does not understand, why Defendant after modified Plaintiff's loan agreement, two day later authorized Quality Loan Service Corp to recording a Notice of Default and starting a foreclosure procedure.

113)   Said Defendants' actions were contrary to law and in violation of duties and obligations of the purported beneficiary and purported trustee to Plaintiff.

114)   Said Defendants' actions have caused loss and damage to Plaintiff in that Plaintiff has been wrongfully deprived of legal title by forfeiture and is currently subject to forcible eviction at any time. Accordingly, the trustee's Sales should be set aside.

## SIXTH CAUSE OF ACTION
### Slander of Title
### (Against All Defendants)

115)   Plaintiff incorporates here each and every allegation set forth above.

116)   Quality Loan Service at the direction of OneWest Bank and on behalf Deutsche Bank was improperly held and the Trustee's Deed wrongfully executed, delivered,

and recorded, in that Deutsche is not the holder of the Note and was not entitled to foreclose thereon. Moreover, the Notice of Default, which was fraudulent executed and recorded on April 10, 2009 by QLS, two days after Plaintiff enter into a loan modification agreement and five months prior to the recording of the Substitution of Trustee on September 10, 2009 naming QLS as Trustee, states that OneWest Bank is the current holder of the beneficial interest under the Deed of Trust and the obligations secured thereby as of the date of that instrument. This contradicts Deutsche Bank's apparent assertion of its status as the beneficial interest at that time.

117)   Defendants "Deutsche Bank", "OneWest Bank" and "QLS" disparaged Plaintiff's exclusive valid title in 2009, by and through the preparing, posting, publishing and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed. Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had not right, title, or interest in the Property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiff's legal title to the Property. By posting, publishing, and recording, said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large.

118)   As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in a amount to be proved at trial. As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses, including reasonably attorneys' fees, in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the Property has been removed. The amounts of futures expenses and damages are not ascertainable at this time.

119)   As a further direct and proximate of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his health and well-being, and

continues to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

120)   At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiff and deprive his of his exclusive right, title, and interest in the Property, and obtain the Property for their own use by unlawful means.

121)   The conduct of Defendants in publishing the documents described above was fraudulent, oppressive, and malicious. Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

## SEVENTH CAUSE OF ACTION
### Civil Conspiracy
### (Against All Defendants)

122)   Plaintiff incorporates here each and every allegation set forth above.

123)   Plaintiff is informed and believes, and thereon alleges, that Defendants conspired and agreed to implement a scheme to defraud and victimize Plaintiff through the predatory lending practices and other unlawful acts alleged herein.

124)   Plaintiff is informed and believes, and thereon alleges that Defendants did the acts and things alleged herein pursuant to and in furtherance of their conspiracy to defraud and victimize Plaintiff.

125)   Plaintiff is informed and believes that Defendants sued herein under fictitious names committed acts in furtherance of the conspiracy, and/or lent aid and encouragement to their co-conspirators and/or ratified and adopted the acts of their co-conspirators, and are thus jointly and severally liable for all harm to Plaintiff resulting from the conspiracy.

126)   As the direct and proximate result of Defendants' conspiracy to defraud and victimize Plaintiff, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

127)     In conspiring to defraud and victimize Plaintiff, and in committing the wrongful acts alleged herein, Defendants acted with malice, oppression, and fraud, thus justifying an award of exemplary damages in an amount sufficient to punish their wrongful conduct and deter such misconduct in the future.

## EIGHTH CAUSE OF ACTION

### Unfair Business Practices-California Business & Professions Code §17200

### (Against All Defendants)

128)     Plaintiff incorporates here each and every allegation set forth above.

129)     Plaintiff is informed and believes and thereon alleges that Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code section 17200, by engaging in the unlawful, unfair, and fraudulent business practice alleged herein.

130)     Defendants' acts and practices are unlawful because they violate the California Financial Code § 22302.

131)     On March 19, 2009, the FDIC was appointed receiver of Indymac Federal Bank FSB., and most of its assets and liabilities were **sold** to "OneWest Bank FSB"., including Plaintiff's loan. Defendant "OneWest Bank FSB"., **Consent, transfer of assets, liabilities, and administrative powers by FDIC, under [12 U.S.C. § 1821]**. *Under "all or nothing" procedure for transfer of assets and liabilities of qualified financial contracts (QFCs) between receivers, conservators, and acquirers. (See Resolution Trust Corp. v. Cheshire Management Co., Inc., C.A.6 (Tenn.) 1994 18 F.3d 330 ), and (See Co. v. F.D.I.C., C.A.D.C. 1997, 105 F. 3d 696, 323 U.S.  App. D.C. 82 ).*

132)     The loans in question are consumer loan contracts. The loans prepared by the loan originator, then after been transfer and consent of liabilities by Defendant "OneWest Bank" and entered into between Plaintiff and Defendants were, and are, unconscionable pursuant to Section 1670.5 of the California Civil Code.

133)     The loan contracts were unconscionable and unlawful because the relative bargaining power between Plaintiff and Defendants was unequal. Plaintiff could not

negotiate or change any of the particular terms related to the loan and drafted by Defendants. Moreover, Defendants did not disclose pertinent information regarding the terms of the loan to Plaintiff. To secure the loan, Plaintiff were given no choice but to make payments as described in the payment schedule and to accept and sign all the associating documents, which number over a hundred pages. Defendants drafted these loan documents for use on thousands of individuals. The documents evidencing the loan were delivered to Plaintiff at the time of signature. The loan process offered by Defendants did not permit for any meaningful negotiation of terms or even review of the loan documents at the time of execution.

134) The loan contracts were unconscionable and unlawful because the period of time where Defendants offered Plaintiff a low interest rate, often was for only twelfth month, although Defendants packaged the documents in such a manner as to lead Plaintiff to believe that they had a low interest rate and therefore low payments for five years or more.

135) The loan contracts were unconscionable and unlawful because the period of time where Defendants offered Plaintiff a low interest rate, often was for only twelfth month, although Defendants packaged the documents in such a manner as to lead Plaintiff to believe that they had a low interest rate and therefore low payments for five years or more.

136) The loan contracts were unconscionable and unlawful because Defendants inserted into the loan documents a prepayment penalty that has as it sole purpose to cause Plaintiff to continue under the terms of this loans or lose thousands of dollars if Plaintiff and try to refinance the loans.

137) The loan contracts were unconscionable and unlawful because they were so "one-sided" that they could only lead Plaintiff to one result, which was a significant loss of money.

138) As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies and continue to hold the monies expended by Plaintiff and others similarly situated who purchased the ARM loans as described herein.

139) As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

140)     Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

141)     Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable fees, and such other and further relief as the court may deem just and proper.

## NINTH CAUSE OF ACTION
## RICO—18 U.S.C. §§1961 *et seq.*
### (Against All Defendants)

142)     Plaintiff incorporates here each and every allegation set forth above.

143)     Deutsche Bank is an enterprise engaged in and the activities of which affect interstate commerce.

144)     Defendants QLS, OneWest Bank, Specialized Loan Servicing, and MERS are person with the meaning of 18 U.S.C. §1961(3), and as persons associated with Deutsche Bank, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A §1962(c).

145)     The predicate acts which constitute this pattern of racketeering activity were part of scheme to wrongfully foreclose upon the property without legal right and therefore acquire title to the Property through deception and fraud, for the profit of the enterprise as described herein. For the purpose of executing this scheme, On or about March 19, 2009 Defendant "OneWest Bank" "QLS" and "Deutsche Bank" initiate the acts of racketeering and still in acts of racketeering.

146)     The Defendants placed in post office and/or authorized repositories matter and things to be sent or delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, default and foreclosure related notices. These notices were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiff either to

1   part with large sums of money or to abandon the Property, for the Profit of the

2   enterprise.

3   147)   For the purpose of executing this scheme to defraud Plaintiff and obtain money by

4   means of false pretenses, Defendants also transmitted and received messages by wire,

including but not limited to telephone and internet communications. In such

5   communications, Defendants sought to convince Plaintiff either to part with large

6   sums of money or to abandon the property, for the profit of the enterprise, asserting

7   the falsehood that defendants had the right to foreclose upon the security interest in

8   the Property.

9   148)   These acts of racketeering, occurring within ten years of one another, constitute a

10   pattern of racketeering activity within the meaning of 18 U.S.C.A §1961(5).

11   149)   Plaintiff was injured by reason of this violation of 18 U.S.C. § 1962, in that, as a

direct and proximate result of Defendants' complained of acts, Plaintiff has suffered

12   and continues to suffer damages, including but not limited to, monetary damages and

13   emotional distress, in an amount to be proven at trial.

14   150)   By reason of the Defendants' violation of 18 U.S.C.A § 1962, Plaintiff is entitled,

15   pursuant to 18 U.S.C.A § 1964(c), to threefold the damages sustained, cost of suit,

16   reasonable fees.

17

18   **TENTH CAUSE OF ACTION**

**Imposition of Constructive Trust**

19   **(Against Defendant Deutsche Bank)**

20   151)   Plaintiff incorporates here each and every allegation set forth above.

21   152)   Since December 2006, Plaintiff has been rightful owner of legal title to the

22   Property.

23   153)   In contravention of Plaintiff's ownership right and interests in the Property,

24   Defendant Deutsche Bank purported to obtain legal title to the Property by means of

an unjustified and fraudulent non-judicial foreclosure sale. Deutsche Bank refuses to

25   acknowledge Plaintiff's status as the rightful owner of the Property.

26   154)   Defendant holds whatever interest it claims in the Property in Trust for Plaintiff.

27

28

# ELEVENTH CAUSE OF ACTION

## Fraud

## (Against All Defendants)

155)   On September 10, 2009 Mortgage Electronic Registration Systems, Inc (an suspended California Corporation) as nominee for Indymac Bank, F.S.B., not by Indymac federal bank, F.S.B., or by the FDIC, assign the deed of trust to OneWest Bank, FSB.

156)   On September 10, 2009, OneWest Bank, in a shore, in this deed, transfer and Assign the Deed of Trust from itself to itself to cover their wrongdoing.

157)   On November 19, 2009, OneWest Bank assign the Deed of Trust to Deutsche Bank National Trust Company as Trustee of IndyMac INDX Mortgage Loan Trust 2006-AR41, Mortgage Pass-Through Certificates, Series 2006-AR41 under the Pooling and Servicing Agreement dated December 1, 2006.

158)   Each of the purported assignment is invalid because they took place after March 19, 2009, the date the FDIC completed the sale of IndyMac Bank, FSB to Indymac Federal Bank FSB., such that IndyMac Bank, FSB., had no right to be an assignee or assignor of the Deed of Trust after that date and the purported Trustee's Deed upon Sale. *A deed secured by fraud is invalid and subject to cancellation Civ. Code §§ 1040, 1565-1568, 1571, 1572.*

159)   **Even** if the relevant documents are accepted at face value as valid and accurate, the dates on the documents alone demonstrate that –at a minimum –Defendants OneWest Bank, Deutsche Bank and Quality Loan Services Corp violated the notice requirements notice requirements by 12 U.S.C. § 2605 *et seq.,* the notice required to notice shall be made to borrower not more that 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan and violated California Civil Code section 2934a, subsection (b). As Trustee's sale is void, even assuming, *arguendo,* that OneWest Bank and Deutsche Bank did have the right to foreclose upon the property.

160)   As a result of Plaintiff's reliance, he was harmed and suffered damages. Plaintiff's reliance on Defendants' false representations was a substantial factor in causing Plaintiff's harm.

161)   If Defendants are guilty of malice, fraud or oppression, as defined in California
       Civil Code section 3294, and Defendants' actions were malicious and done willfully,
       in conscious disregard of the rights and safety of Plaintiff, in that the sections were
       calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to
       actual damages, punitive damages to punish Defendants and to deter future
       misconduct.

## TWELFTH CAUSE OF ACTION
### Breach of Contract
### (Against OneWest Bank)

162)   Plaintiff incorporates here each and every allegation set forth above.

163)   Defendants' actions constitute a violation of breach of contract.

164)   On December 8, 2008 Mr. Dylan, enter into a loan modification Agreement
       Program with Indymac Federal Bank, F.S.B., before the transfer into OneWest Bank.

165)   On March 19, 2009, the FDIC was appointed receiver of Indymac Federal
       Bank FSB., and most of its assets and liabilities were **sold** to "OneWest Bank FSB".,
       including Plaintiff's loan.

166)   Defendant "OneWest Bank FSB"., **Consent, transfer of assets, liabilities,
       and administrative powers by FDIC, under [12 U.S.C. § 1821]**. *Under "all or
       nothing" procedure for transfer of assets and liabilities of qualified financial
       contracts (QFCs) between receivers, conservators, and acquirers. (See Resolution
       Trust Corp. v. Cheshire Management Co., Inc., C.A.6 (Tenn.) 1994 18 F.3d 330* ), and
       (*See Co. v. F.D.I.C., C.A.D.C. 1997, 105 F. 3d 696, 323 U.S. App. D.C. 82* ).

167)   On April 7, 2009 Mr. Dylan, enter into a new loan Modification agreement
       with Indymac Mortgage Services, a Division of OneWest Bank, FSB., and such
       agreement "OneWest Bank" still not complying or their pretend that not exist.

168)   Defendant "OneWest Bank" violated the "FDIC" agreement that stated "the
       Purchaser"; "OneWest Bank" shall complete the processing of all Servicing-Released
       Loan  Modifications in process pursuant to the Program as of the Closing Date and

1    Shall **"Honor"** all offers of Modification for which processing has not yet
2    commenced in accordance with the terms of the Program. The Purchaser shall comply
3    with the Program as it may be amended by the FDIC from time to time, provided,
4    however, that, unless otherwise required by law…"

5

6    Defendant "OneWest Bank" Violated FDIC agreement Section 5.13  Notice to Borrowers.

7    • The Purchase "OneWest Bank F.S.B" shall, on a time basis in accordance with RESPA
8    and other applicable laws, and pursuant to the Limited Power of Attorney granted by "FDIC" to
9    it in accordance with Section 3.04(a), prepare and transmit to each Borrower a joint "hello" and
10   "goodbye" letter, at the purchaser's expense. The form of such letter shall be subject to the
11   review and reasonable approval of the Seller.

12

13   Defendant Violated FDIC agreement Section 5.20 Loan Modification Program.

14   • Notwithstanding anything to the contrary in Section 5.16, the Purchaser "OneWest Bank"
15   shall complete the processing of all Servicing-Released Loan Modifications in process pursuant
16   to the Program as of the Closing Date and Shall "Honor" all offers of Modification for which
17   processing has not yet commenced in accordance with the terms of the Program. The Purchaser
18   shall comply with the Program as it may be amended by the FDIC from time to time, provided,
19   however, that, unless otherwise required by law…

20   169)  Defendant "OneWest Bank" clearly violated the agreement after consent the
21         transfer and liabilities from the "FDIC" in Honor all loan modification program stated
22         by the  "FDIC", never less OneWest Bank violated such agreement.
23   170)  As a result of Defendants' breach, Plaintiff has suffered harm. Plaintiff has
24         incurred additional charges to their principal loan balance. Plaintiff has incurred and
25         will continue to incur additional interest charges on the principal loan balance and
26         surplus interest added to Plaintiff's principal loan balances. Furthermore, Defendants'
27         breach has placed Plaintiff in danger of losing his homes through foreclosure, as
28         Defendants have caused Plaintiff's  principal loan balances to increase and limited

these consumer ability to make his future house payments or obtain alternative home loan financing

171)   The unlawful acts and practices present a continuing threat to Plaintiff to be misled and/or deceived by Defendants as described herein. Plaintiff has no other remedy of law that will prevent Defendants' misconduct from occurring and/or reoccurring in the future.

## THIRTEENTH CAUSE OF ACTION
## VIOLATION OF PERATA MORTGAGE RELIEF Act Civil Code § 2923.5 *et seq.*
### (Against All Defendants)

172)   On or about the summer of 2008, IndyMac Federal Bank, F.S.B., made his first offer for a loan modification to Mr. Dylan and such modification was accepted by Indymac Federal Bank, F.S.B., in the following months Indymac Mortgages Services, (a Division of OneWest Bank) started again making numerous offers to Mr. Dylan to replacing  previous loan modification.

173)   On April 7, 2009 Mr. Dylan was accepting the new loan modification offered by OneWest Bank.

174)   Plaintiff did not know the trap he was getting into and the defendant's intention is to foreclose.

175)   On April 10, 2009 Quality loan Services Corp recorder a Notice of Default and Election to Sell under the Deed of Trust, Deutsche Bank is not mentioned, identified, or referred to in the Notice of Default.

176)   Defendant OneWest Bank after modified Plaintiff's loan agreement on April 7, 2011 two day later on April 10, 2009 OneWest bank authorized Quality Loan Service Corp to recording a Notice of Default and starting a foreclosure procedure.

177)   Defendants violated the **Perata Mortgage Relief Act** (Civil Code § 2923.5 *et seq.*) *Under California's* **Perata Mortgage Relief Act** *(Civil Code § 2923.5 et seq.), applicable to loans secured by owner-occupied residential real property containing no more than four dwelling units and recorded from January 1, 2003 to December 31, 2007, lenders (mortgagees, trustees, beneficiaries or their agents) may not file a notice of default until 30 days after (i) initial contact with the borrower; or (ii)*

1

*satisfying statutorily-mandated "due diligence" requirements for contacting the*

2

*borrower. (See Civil Code § 2923.5(a),(g),(i)--"owner-occupied" means borrower's*

3

*principal residence "as indicated to lender in loan documents" (amended Stats. 2009,*

4

*Ch. 43) (1/1/13 "sunset" date); Mabry v. Super.Ct. (Aurora Loan Services) (2010)*

5

*188 Cal.App.4th 208, 221 – Civil Code § 2923.5 concerns the "crucial first step" in*

*foreclosure process--i.e., recordation of a notice of default.)*

6

178)   Also, Before filing a notice of default, the lender must **contact (or attempt to**

7

**contact) its borrower in person or by telephone** to assess the borrower's financial

8

situation and explore options for avoiding foreclosure. During the initial contact, the

9

borrower must be advised of his or her **right to request a subsequent meeting** and, if

10

requested, the lender must schedule the meeting within 14 days. (See Civil Code §

11

2923.5(a)(2)-- the lender must provide the borrower with HUD's toll-free telephone

12

number for purpose of finding HUD-certified housing counseling agency at initial or

13

subsequent meeting; *see also Mabry v. Super.Ct. (Aurora Loan Services), supra, 188*

*Cal.App.4th at 214.)*

14

179)   Plaintiff maintains that never was on Default on the loan, because on April 7,

15

2009 Plaintiff have a second Modification Agreement accepted by Indymac Mortgage

16

Services, a Division of OneWest Bank, FSB and such agreement state that, *(3) The*

17

*Note and the Security Instrument are Modified to increase the principal balance of*

18

*the Note of $51,618.49, including past due interest in the amount of $31,626.00, past*

19

*due Escrow items totaling $19,151.49 and servicing costs totaling $841.00. The new*

*Principal of the Note is $453,218.49. All unpaid late charges have been waived...*

20

21

22

**PRAYER FOR RELIEF**

23

24

WHEREFORE, Plaintiff prays for judgment and an order against Defendants as follows:

25

A.  That judgment be entered in his favor and against Defendants, and each of them.

26

For an order requiring PTI to show cause, if they have any, why they should not be enjoined

as set forth below, during the pendency of this action;

27

28

1   B.  For an order and judgment stating that the Deed of Trust and the Trustees Deed are

2   adjudged void and of not legal force and effect and shall be cancelled, stricken, and or rescinded

3   forthwith.

4   C.  For a temporary restraining order, preliminary and permanent injunction directing all
    Defendants to refrain from executing any transfer the note.

5   D.  For a restraining order, preliminary and permanent injunction preventing Defendants, or

6   anyone acting under or in concert with them, from collecting on the subject loan and from

7   causing the Property to be sold or assigned to a third party.

8   E.  For an order to restore the Deed to plaintiff Alan Dylan.

9   F.  For an order stating that Defendants engaged in unfair business practices.

10  G.  For an order stating that the Deed of Trust, Notice of Default, Notice of Trustee's Sale

11  and Trustee's Deed constitute slander of title to Plaintiff and the Property.

    H.  For an order and judgment quieting title to the Property.

12  I.  For damages, disgorgement, and injunctive relief under California's common and

13  statutory law of unfair business practices.

14  J.  For compensatory and statutory damages, fees and cost according to proof at trial.

15  K.  For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct

16  and deter future misconduct.

17  L.  For such other and further relief as the court may deem just and proper.

18  M.  For other damages in the amount of $550,000.00 against each defendant.

    //
19  //
20  //
21  //

22  DATED: July 11, 2011

23                          Respectfully submitted,

24
25                          Alan Dylan
26                          Plaintiff in Pro-se
27
28

-32-
**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Alan Dylan demands trial by jury.

DATED: July 11, 2011

                        Respectfully submitted,


Alan Dylan
Plaintiff in Pro-se

//
//
//
//
//
//
//
/
//
//
//
//
//
//
//
//
//
//

-33-
**COMPLAINT**

# EXHIBIT A

**Recording Requested By:**
INDYMAC BANK, F.S.B., C/O DOCUMENT MANAGEMENT
*[Company Name]*

**And When Recorded Mail To:**
INDYMAC BANK, F.S.B., C/O DOCUMENT MANAGEMENT
*[Company Name]*

*[Name of Natural Person]*
BLDG B, 901 E 104TH ST, SUITE 400/500

*[Street Address]*
KANSAS CITY, MO 64131

*[City, State  Zip Code]*

_____ *[Space Above This Line For Recording Data]* _____

# DEED OF TRUST

**MIN:** 100055401246652947

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  **"Security Instrument"** means this document, which is dated                 November 28, 2006        ,
together with all Riders to this document.

(B)  **"Borrower"** is   ALAN DYLAN A SINGLE MAN

. Borrower is the trustor under this Security Instrument.

(C)  **"Lender"** is   INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

Lender is a                  Federal Savings Bank                    organized and existing under the laws of
United States of America                            . Lender's address is    155 NORTH LAKE
AVENUE, PASADENA, CA 91101                              .

(D)  **"Trustee"** is   STEWART TITLE GUARANTY CO.

(E)  **"MERS"** is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

Loan No: 124665294
California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          MERS Modified Form 3005 01/01
—THE COMPLIANCE SOURCE, INC.—                              Page 1 of 13                                         14301CA 008/00
www.compliancesource.com                                                                        © 2000, The Compliance Source, Inc.



(F) **"Note"** means the promissory note signed by Borrower and dated
states that Borrower owes Lender     four hundred one thousand six hundred and NO/100ths

Dollars (U.S. $ 401,600.00       )
, plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than December 1, 2036 .

(G)     **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(H)     **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I)     **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower *[check box as applicable]*:

| | | |
|---|---|---|
| [XX] Adjustable Rate Rider | [XX] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] 1-4 Family Rider | [ ] Revocable Trust Rider | |
| [ ] Other(s) *[specify]* | | |

(J)     **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)     **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)     **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M)     **"Escrow Items"** means those items that are described in Section 3.

(N)     **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O)     **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)     **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q)     **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R)     **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.


California Deed of Trust-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 2 of 13


MERS Modified Form 3005 01/01
14301CA 008/00
© 2000, The Compliance Source, Inc.



**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the          County          of     LOS ANGELES        :

<table>
<tr><td></td><td>*[Type of Recording Jurisdiction]*</td><td>*[Name of Recording Jurisdiction]*</td></tr>
</table>

SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF

Assessor's Identification Number:     **5149-033-042**

which currently has the address of                          312 WEST 5TH STREET 215
                                                                    *[Street]*

          LOS ANGELES           , California          90013                    ("Property Address"):
              *[City]*                              *[Zip Code]*

     TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

     BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

     THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

     UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
     **1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.**  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.  Borrower shall also pay funds for Escrow Items pursuant to Section 3.  Payments due under the Note and this Security Instrument shall be made in U.S. currency.  However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
     Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15.  Lender may return any

Loan No: 124665294

# EXHIBIT B

# Office of Thrift Supervision
# Department of the Treasury



*I certify that the attached is a true copy of the document described below,*
*made from official records of the*
*Office of Thrift Supervision, Department of the Treasury.*
*Said record is in the custody of the Dissemination Branch*
*and is maintained at 1700 G Street, N.W., Washington, DC.*

OTS Order Number 2008-24, Pass-Through Receivership of a Federal Savings
Association into a De Novo Federal Savings Association that Is Placed into
Conservatorship with the FDIC, regarding IndyMac Bank, F.S.B., Pasadena,
California (OTS Docket Number 03970), executed July 11, 2008, consisting of
five (5) pages.



*Signed in Washington, DC, and the Seal of the*
*Office of Thrift Supervision affixed this date:*

Peggy Daniels
Acting Corporate Secretary
*Office of Thrift Supervision*

July 28, 2008

4

# EXHIBIT C



**Modification Agreement:  <u>Copy for your records</u>**

December 8, 2008

Alan Dylan
312 W 5th St Apt 215
Los Angeles, CA 90013-1742

If you have any questions regarding this offer,
please call us toll free at 1.888.295.5858.

**Product:** Stipulated Forbearance to Loan Modification Program
**Loan Number:** 1008893354
**Property Address:** 312 W 5th St, Los Angeles, CA 90013-1900
This letter ("Agreement") will confirm your agreement to modify your Note and your Security Instrument as follows.
Capitalized terms used herein have the meaning given them in the Note or the Security Instrument.

1. This Agreement is not binding on Note Holder, unless and until Note Holder, or servicing agent, IndyMac Federal Bank, FSB ("IndyMac"), verifies that you qualify for this modification offer. You will promptly provide IndyMac acceptable information to permit verification of your income, and make the payments shown in the payment schedule in paragraph 4 of this Agreement, while IndyMac verifies your information. If you qualify, IndyMac will sign and return this Agreement to you, and it will be effective on the date it is signed by IndyMac. If you do not make all payments when due while we verify that you qualify, or if you do not qualify, your Note will not be modified. IndyMac will apply any payments you made to the amounts you owe.
2. The unpaid principal balance of your Note as of the date of this Agreement, before modification, is $401,600.00.
3. The Note and the Security Instrument are modified to increase the principal balance of the Note by the amounts of your arrears on the Note of $39,620.39, including past due interest in the amount of $22,590.00, past due Escrow Items totaling $17,019.39 and servicing costs totaling $11.00. The new principal amount of the Note is $441,220.39. All unpaid late charges have been waived. There are no fees or other charges assessed for the modification.
4. The interest rate and monthly payment on your Note is modified as follows:

| Year | New Interest Rate | Interest Rate Change Date | New Monthly Principal & Interest Payment Amount | Estimated Monthly Escrow Payment Amount | New Monthly Payments Begin On | Number of Payments |
|---|---|---|---|---|---|---|
| 1 | 3.125% | 1/1/2009 | $1,975.68 | Adjusts Annually | 2/1/2009 | 60 |
| 6 | 4.125% | 1/1/2014 | $2,181.38 | Adjusts Annually | 2/1/2014 | 12 |
| 7 | 5.125% | 1/1/2015 | $2,390.35 | Adjusts Annually | 2/1/2015 | 12 |
| 8 | 5.500% | 1/1/2016 | $2,468.40 | Adjusts Annually | 2/1/2016 | 251 |

5. Your monthly payment stated in your Note will change, effective with the payment due on 2/1/2009 (i.e., one month after the effective date of the reduction of your interest rate, as set forth in paragraph 4 above). This monthly payment will consist of principal and interest, and will continue until the Maturity Date. This monthly payment will change as shown in paragraph 4 above.
6. The Note Holder will send you notice of these changes.
7. The Maturity Date stated in your Note does not change; the Maturity Date remains 12/1/2036.
8. The monthly payments for principal and interest, stated above, do not include required payments for taxes and insurance, which may be substantial. Your monthly requirements for taxes and insurance will change periodically during the term of your mortgage.
9. Your Security Instrument will continue to secure payment and performance of the Note as amended by this Agreement.
10. Except as modified by this Agreement, all terms and provisions of the Note, any Riders, and the Security Instrument remain in full force and effect.
11. The Note and Security Instrument are duly valid, binding agreements, enforceable in accordance with their terms, and are hereby reaffirmed.

INDYMAC FEDERAL BANK, FSB          By:_____

                                                                                        Date

I/We agree to the modification of my/our Loan as described above.


_____          _____
Alan Dylan                          Date                            Date

BULKMOD/65 PI&IOFixed&ARMStepConvNotRec/080408

# EXHIBIT D

**Modification Agreement: Copy for your records.**
Case 2:11-cv-05666-GHK-E Document 1 Filed 07/11/11 Page 44 of 55 Page ID #:44
Your Copy

April 7, 2009

Alan Dylan
, 312 W 5th St Apt 215
Los Angeles, CA 90013-1742

If you have any questions regarding this offer,
please call us toll free at 1.866.203.9306.

**Product:** Stipulated Forbearance to Loan Modification Program
**IndyMac Loan Number:** 1008893354
**Investor Loan Number:** 124665294
**Property Address:** 312 5th Street, Los Angeles, CA 90013

This letter ("Agreement") will confirm your agreement to modify your Note and your Security Instrument as follows. Capitalized terms used herein have the meaning given them in the Note or the Security Instrument.

1. This Agreement is not binding on Note Holder, unless and until Note Holder, or servicing agent, IndyMac Mortgage Services, a Division of OneWest Bank, FSB ("IndyMac"), verifies that you qualify for this modification offer. You will promptly provide IndyMac acceptable information to permit verification of your income, and make the payments shown in the payment schedule in paragraph 4 of this Agreement, while IndyMac verifies your information. If you qualify, IndyMac, will sign and return this Agreement to you, and it will be effective on the date it is signed by IndyMac. If you do not make all payments when due while we verify that you qualify, or if you do not qualify, your Note will not be modified. IndyMac will apply any payments you made to the amounts you owe.
2. The unpaid principal balance of your Note as of the date of this Agreement, before modification, is $401,600.00.
3. The Note and the Security Instrument are modified to increase the principal balance of the Note by the amounts of your arrears on the Note of $51,618.49, including past due interest in the amount of $31,626.00, past due Escrow Items totaling $19,151.49 and servicing costs totaling $841.00. The new principal amount of the Note is $453,218.49. All unpaid late charges have been waived. There are no fees or other charges assessed for the modification.
4. The interest rate and monthly payment on your Note is modified as follows:

| Year | New Interest Rate | Interest Rate Change Date | New Monthly Principal & Interest Payment Amount | Estimated Monthly Escrow Payment Amount | New Monthly Payments Begin On | Number of Payments |
|------|------|------|------|------|------|------|
| 1 | 3.000% | 5/1/2009 | $1,676.84 | Adjusts Annually | 6/1/2009 | 60 |
| 6 | 4.000% | 5/1/2014 | $1,914.78 | Adjusts Annually | 6/1/2014 | 12 |
| 7 | 4.750% | 5/1/2015 | $2,099.33 | Adjusts Annually | 6/1/2015 | 258 |
| One additional balloon payment of $202,326.34 is due on 12/1/2036 for your loan to be paid in full. | | | | | Balloon Payment | 1 |

5. Your monthly payment stated in your Note will change, effective with the payment due on 6/1/2009 (i.e., one month after the effective date of the reduction of your interest rate, as set forth in paragraph 4 above). This monthly payment will consist of principal and interest, and will continue until the Maturity Date. This monthly payment will change as shown in paragraph 4 above.
6. The Note Holder will send you notice of these changes.
7. The Maturity Date stated in your Note does not change; the Maturity Date remains 12/1/2036.
8. On the Maturity Date, you will have a balloon payment and will pay in full the remaining principal balance and any other amounts due under the Note and Security Agreement, as modified by this Agreement.
9. The monthly payments for principal and interest, stated above, do not include required payments for taxes and insurance, which may be substantial. Your monthly requirements for taxes and insurance will change periodically during the term of your mortgage.
10. Your Security Instrument will continue to secure payment and performance of the Note as amended by this Agreement.
11. Except as modified by this Agreement, all terms and provisions of the Note, any Riders, and the Security Instrument remain in full force and effect.
12. The Note and Security Instrument are duly valid, binding agreements, enforceable in accordance with their terms, and are hereby reaffirmed.

---

IndyMac Mortgage Services, a Division of OneWest Bank, FSB    By:_____

                                                                                    Date

I/We agree to the modification of my/our Loan as described above.

_____    _____    _____    _____
Alan Dylan                              Date                                                      Date

# EXHIBIT E

2

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101


04/10/2009
*20090520810*

Space above this line for Recorder's use

TS No.: CA-09-268245-TC          Loan No.: 1008893354

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.** You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account (normally five business days prior to the date set for the sale of your property). No sale may be set until three months from the date this notice of default is recorded (which date of recordation appears on this notice). This amount is $31,627.40 as of 4/9/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have the pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Indymac Bank FSB
C/O Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
619-645-7711**


EXHIBIT 2 PAGE 30

# EXHIBIT F

Recording requested by:

When recorded mail to:

Indymac Bank FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE:  **$15.00**

RECORDED ON:  **May 18, 2009**

AS DOCUMENT NO:  **09-729660**

BY:  **s/ Cherie Valencia**

LSI TITLE COMPANY (CA)



Space above this line for recorders use

TS # CA-09-268245-TC
MERS MIN No.:
10005540          7

Order # 090239954-CA-DCI

Loan #
Investor No. 124665294

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

**INDYMAC FEDERAL BANK, FSB.**

all beneficial interest under that certain Deed of Trust dated **11/28/2006** executed by **ALAN DYLAN, A SINGLE MAN**, as Trustor(s) to **STEWART TITLE GUARANTY CO**, as Trustee and recorded as Instrument No. **06 2717691**, on **12/7/2006**, in Book **xxx**, Page **xxx** of Official Records, in the office of the County Recorder of **LOS ANGELES** County, **CA** together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Page 1 of 2

Effective Date: 4/1/2009 12:45 PM

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK**

By: _____

Erica A. Johnson-Seck

Vice President

State of     Texas   )
County of   Williamson

On __5-7-09__ before me, _____ Mai Thao _____ a notary public
,personally appeared_____ Erica A. Johnson-Seck _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the
State of _____ Texas _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> MAI LA THAO
> Notary Public, State of Texas
> My Commission Expires
> June 15, 2011

Page 2 of 2

# EXHIBIT G

2

APN # 5149-033-042

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

When recorded mail to:
OneWest Bank, FSB
888 East Walnut Avenue
Pasadena, CA 91101

10/29/2009

*20091634769*

Space above this line for recorders use

M&H# CA-09-10781

Loan # XXXXXX3354
MERS # 100055401246652847

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to,
OneWest Bank FSB all beneficial interest under that certain Deed of Trust dated 11/28/2006
executed by Alan Dylan, a Single Man, as Trustor(s) to Stewart Title Company, as Trustee and
recorded as Instrument No. 06 2717691 on 12/07/2006, of Official Records, in the office of the
County Recorder of Los Angeles County, CA commonly referred to as 312 West 5Th Street
215, Los Angeles, CA 90013 and legally describing land therein as:

Attached as Exhibit  A

together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to
accrue under said Deed of Trust .

Dated: ___9-10-09___

Mortgage Electronic Registration Systems,
Inc, as nominee for IndyMac Bank, F.S.B.

Name:   Erica A. Johnson-Seck
Title:   Vice President

State of   Texas            )
County of   Travis          ) ss

On 9-10-09  (date) before me, Alex McBride              (insert name of Notary Public and Title)
the undersigned Notary Public, personally appeared Erica A. Johnson-Seck  who  proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me the he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of
____Texas____ that the foregoing paragraph is true and correct.

Alex McBride

WITNESS my hand and official seal

Alex McBride
Notary Public, State of...
My Com. Expires...
...on 10, 20...
(Seal)

Signature _____
Name:  Alex McBride
Notary Commission Expiration:

Nov 10, 2010

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 5666 DMG (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br>ALAN DYLAN, an individual, | **DEFENDANTS**<br>ONEWEST BANK FSB, an unknown business entity; INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, FSB, an unknown business entity; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE<br><br>see attachment |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Alan Dylan<br>312 W 5th Street unit 215<br>Los Angeles CA 90013 (424)225-0920 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**    **JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT:** $ 550,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | **PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment<br>☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☑ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

**CV11-05666**

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): 2:10-CV-02677-GHK-E , 2:10-CV-03487-GHK-E, 2:10-CV-06593-PA-JE

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): 2:10-CV-08692-GHK-E

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | San Diego |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _Randy_   Date 07/11/2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

1
2
3
4

Alan Dylan
312 W 5th Street unit 215
Los Angeles California 90013
Telephone No (424)225-0920
Pro-per

5

UNITED STATES DISTRICT COURT

6

CENTRAL DISTRICT OF CALIFORNIA

7

LOS ANGELES DIVISION

8

**ALAN DYLAN, an individual,**

9

**Plaintiff,**

10

**vs.**

11  **ONEWEST BANK FSB, an unknown**
**business entity; INDYMAC MORTGAGE**
12  **SERVICES, A DIVISION OF ONEWEST**
**BANK, FSB, an unknown business entity;**
13  **DEUTSCHE BANK NATIONAL TRUST**
**COMPANY AS TRUSTEE UNDER**
14  **POOLING AND SERVICING**
**AGREEMENT DATED AS OF**
15  **DECEMBER 1, 2006 MORTGAGE PASS-**
**THROUGH CERTIFICATES, SERIES**
16  **2006-AR41, an unknown business entity;**
**QUALITY LOAN SERVICE**
17  **CORPORATION, a California corporation;**
18  **MORTGAGE ELECTRONIC and DOES 1**
**– 10, inclusive,**
19

20

**Defendants**

21
22
23
24
25

**Case No.:**

**COMPLAINT FOR:**

(1) **TEMPORARY RESTRAINING**
**ORDER AND PRELIMINARY**
**AND PERMANENT INJUNCTIVE**
**RELIEF**
(2) **VIOLATION OF PERATA**
**MORTGAGE RELIEF Act Civil**
**Code § 2923.5** *et seq*.
(3) **VIOLATION OF RESPA (12 U.S.C.**
**§2605)**
(4) **VIOLATION OF CALIFORNIA**
**ROSENTHAL ACT**
(5) **WRONGFUL FORECLOSURE**
(6) **QUITE TITLE**
(7) **ORDER TO SET ASIDE**
**TRUSTEE'S SALE**
(8) **CANCELLATION OF TRUSTEE'S**
**DEED**
(9) **SLANDER OF TITLE**
(10)    **CIVIL CONSPIRACY**
(11)    **UNFAIR BUSINESS**
**PRACTICES (CAL. B&P CODE**
**§17200**
(12)    **VIOLATION OF RICO (18**
**U.S.C. §§1961)**
(13)    **FRAUD**
(14)    **CONSTRUCTIVE TRUST**
(15)    **BREACH OF CONTRACT**

26

**DEMAND FOR JURY TRIAL**

27

28

-1-
**COMPLAINT**